# Kennedy, Appellant, v. Duggan.

*Ejectment—Mesne profits—Rent.*

Where a plaintiff in ejectment for an undivided half interest in land, pending the ejectment, refuses to join in a lease with the defendant in the ejectment, and with knowledge of the contents of the lease announces that he will claim mesne profits, and the lease provided that if the plaintiff recovered in the ejectment from that time but one half of the rent reserved should be paid to the lessor until it was determined to whom the other half was payable, and that if the tenant should be legally required to pay the plaintiff for the whole term, he should be allowed to apply so much of the rent reserved as was necessary for that purpose, and it appears that plaintiff recovered mesne profits for the whole period that the tenant remained in possession, the plaintiff has no standing to maintain an action on the lease to recover rent from the tenant.

Argued May 15, 1901. Appeal, No. 161, Jan. T., 1901, by plaintiff, from judgment of C. P. Fayette Co., March T., 1899, No. 388, on verdict for defendant in case of Robert P. Kennedy v. Charles Duggan, John Collins and M. B. Cochran. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit on a lease. Before UMBEL, J.

At the trial it appeared that on November 16, 1895, Robert Kennedy brought an action against the widow and children of William Allen for an undivided one half interest in land.

On December 4, 1895, the said widow, Mary Allen, and M. H. Bowman, guardian of the said William Allen's minor

children, executed a lease for the term of three years, with the privilege of two additional years, to P. J. McGrath, possession to begin January 1, 1896, for the whole of the said hotel property, at the rent of $75.00 per month, from January 1, 1896, to May 1, 1896, and from May 1, 1896, throughout the rest of the term, at $133.33 rental per month; but providing that " should R. P. Kennedy obtain possession of the one half of the said premises in the action of ejectment now brought by him for them, then in that case, and from that time, one half of the said rent only, shall be paid to the parties of the first part (namely the Allens) until it shall legally be determined to whom the other half of the said rent shall be due and payable; and in case the said party of the second part should be legally required to pay the one half of the said rent to the said Kennedy during his entire term, then he shall be allowed to apply all of said rent to the payment of said Kennedy until said Kennedy receives so much as has been paid to the parties of the first part." Charles Duggan, M. B. Cochran, John Collins, John Murphy and J. W. Moon became sureties for the faithful performance by McGrath, of the terms and conditions of his said lease.

Kennedy was requested to join in the lease, the contents of which was made known to him, but he refused to do so, and announced that he would claim mesne profits in the ejectment. Plaintiff succeeded in the ejectment suit, and recovered mesne profits for the whole period of time that McGrath remained in possession.

Judgment was entered in the ejectment suit on July 26, 1897. The present suit was begun on February 22, 1899, against McGrath's sureties.

The court below ruled, that as Kennedy had claimed from the Allens and recovered judgment for damages on the action of ejectment against them, he could not now recover, from McGrath's sureties, anything whatever, on the lease of December 4, 1895, made by the Allens to McGrath.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Edward Campbell*, for appellant.—Rents, as mesne profits or

damages, are not a necessary integral part of an action of eject-
ment, but may be claimed or not, as the plaintiff chooses, by vir-
tue of the special acts of assembly of May 2, 1876, P. L. 95 sec. 1,
June 11, 1879, P. L. 125 sec. 1, and February 23, 1889, P. L. 8:
Brightly's Purd. Dig. (12th ed.) p. 716, pl. 32–34.

The plain method of dealing with this case was for the court
to hold the defendants liable to pay the appellant all the rent
due according to the lease of December 4, 1895, which had
not been received from any source by Mr. Kennedy; and for
all such damages, if any, to the property, as had directly resulted
from McGrath's failure to keep the covenants of his lease.

The appellant could recover his mesne profits either in his
action of ejectment under the acts of assembly above cited, or
after the action of ejectment he could recover them in an action
of trespass under the act of March 21, 1806, and its supple-
ments: 4 Sm. L. 326; Pepper & L. Dig. 1690 et seq; Osbourn v.
Osbourn, 11 S. & R. 55; Critchfield v. Humbert, 39 Pa. 427;
Lane v. Harrold, 72 Pa. 267.

*H. L. Robinson*, of *Robinson & McKean*, with him *C. F. Kef-
over*, for appellees.—It is clear law that a man cannot pursue
two inconsistent remedies, either at the same time or in succes-
sion. He cannot proceed upon one theory, resting his right
upon one ground, and then turn around and claim again upon
a basis which, if it had been set up by him, would have defeated
his first action: Floyd v. Browne, 1 Rawle, 121; Pott's Ap-
peal, 5 Pa. 500: Share v. Anderson, 7 S. & R. 43; Arnold's
Admr. v. Fitzgerald, 76 Pa. 385.

Mr. Kennedy could not in one action say the Allens and their
tenants were trespassers and claim damages from them on that
account, and in another sue the tenant as his tenant.

A stranger to contract and consideration can never maintain
an action on the contract, even though part of the covenants
seem to relate to him: Adams v. Kuehn, 119 Pa. 76; Freeman
v. Penna. R. R. Co., 173 Pa. 274.

OPINION BY MR. JUSTICE FELL, July 17, 1901:

This action was on a written lease in which Mary Allen and
others were lessors and P. J. McGrath lessee. The defendants
were sureties for the lessee. The plaintiff was not a party

to the lease. Before it was made he had brought an action
of ejectment against the lessors to establish his title to an un-
divided half of the property. Because of the dispute as to the
title and the litigation then pending, the plaintiff was requested
to become a party to the lease, but he refused to do so and gave
notice that on the trial of the ejectment he would claim mesne
profits. McGrath then caused to be inserted in the lease a pro-
vision that if the plaintiff recovered in his action of ejectment,
from that time but one half of the rent reserved should be paid
to the lessors until it was determined to whom the other half
was payable; that if he should be legally required to pay the
plaintiff for the whole term, he should be allowed to apply so
much of the rent reserved as was necessary for that purpose
and that if the dispute as to the title was not settled in one
year and a half that all rent should be withheld until it was
settled. The plaintiff recovered mesne profits for the whole
period of the time that McGrath remained in possession and
he then joined the other owners, the lessors, in a lease to a third
party.

The only ground on which this action can be sustained is that
the provision mentioned was intended for the plaintiff's benefit
if he succeeded in establishing his right. The lease does not
admit of this construction and the circumstances under which
it was made negative such an inference. The provision was
evidently intended to protect the lessee from loss in the event
that the lessors failed to sustain their claim of sole ownership
of the property but it conferred no right on the plaintiff. There
was no promise to pay him a part of the rent under any circum-
stances. The promise was to pay the lessors, with a reserva-
tion of the right to withhold a part of the rent due them by
the terms of the lease, to meet any claim, growing out of the
occupation of the premises, which the lessee might be legally
required to pay the plaintiff who had refused to accept him as
a tenant and was treating him as a trespasser. There was no
error in the instruction given, and the judgment is affirmed.